■ PLP, II LP, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [891 NYS2d 812]—

Memorandum: Supreme Court properly granted defendant's motion seeking to dismiss the complaint in this declaratory judgment action on the ground that plaintiff failed to exhaust its administrative remedies (*see generally Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). In February 2008, defendant served plaintiff with an administrative "Notice of Hearing and Complaint" seeking, inter alia, an order from defendant's Commissioner pursuant to 6 NYCRR part 622 finding that plaintiff had violated a prior order on consent/stipulation and 6 NYCRR part 505 by removing trees from a National Protective Feature Area. Prior to a hearing or the issuance of an order from defendant's Commissioner pursuant to 6 NYCRR part 622, plaintiff commenced this action seeking a declaration that its removal of the trees was not a regulated activity requiring a permit from defendant pursuant to 6 NYCRR part 505. Plaintiff contends that it was not required to exhaust its administrative remedies before commencing the declaratory judgment action on the ground that it would have been futile to do so in this case. We reject that contention (*see generally Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]). The issue whether the removal of trees by plaintiff "materially alter[ed] the condition of land" such that it constituted a "[r]egulated activity" within the meaning of 6 NYCRR 505.2 (hh) and thus required a permit pursuant to 6 NYCRR 505.5 (a) should have been determined by defendant's Commissioner prior to judicial intervention (*cf.* 87 NY2d at 143; *see generally New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N.Y. Inst. for Educ. of Blind*, 83 AD2d 390, 402-403 [1981], *affd* 57 NY2d 982 [1982]; *Watergate II Apts.*, 46 NY2d at 57). Present— Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.